# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TAKECARE INSURANCE COMPANY, INC., <br><br> Plaintiff, <br> vs. <br><br> EDWARD BIRN, in his official capacity as Director of the Department of Administration, and KRISTINA L. BAIRD, in her official capacity as Administrator of the Courts, <br><br> Defendants. | Case No. 1:19-cv-00126 <br><br> **ORDER DECLARING PUBLIC LAW 35-2 UNCONSTITUTIONAL** |

On February 17, 2021, this Court issued its Decision and Order denying Defendants Edward Birn and Kristina L. Baird's separate motions for summary judgment ("Decision and Order," ECF No. 133) on Plaintiff TakeCare Insurance Company, Inc.'s ("TakeCare") sole remaining 42 U.S.C. § 1983 claim to declare Guam Public Law 35-2 as an improper and unconstitutional delegation of authority and for an injunction against its enforcement. Public Law 35-2, codified at 4 G.C.A. § 4302(c)(12), is a Guam statute that mandates GovGuam health insurance negotiating teams to consider only those entities that have all public and private hospitals in-network. (Ex. A "PL 35-2" to Baird Decl., ECF No. 89-2.)

TakeCare subsequently filed a motion for a preliminary injunction against Birn after he, as Director of the Department of Administration ("DOA"), published on April 22, 2021 DOA's Request for Health Proposals ("RFHP") for Fiscal Year 2022 for the Government of Guam's group health

1

insurance program. (ECF No. 144.) In his response to the motion, Birn acknowledged that the Court's Decision and Order "cemented the Guam statute as an unconstitutional delegation of legislative authority 'repugnant to the due process clause of the Fourteenth Amendment.'" (Birn Opp'n at 2, *citing* Decision and Order at 32, ECF No. 149.) Defendant Baird separately filed her Request for Clarification of the Court's Decision and Order. (Request, ECF No. 150.) She notes that the Court has not issued a declaratory judgment that PL 35-2 is an improper and unconstitutional delegation of power by the Guam Legislature nor a declaration of the rights of the parties including government officials (i.e., procurement officers) relative to PL 35-2. (*Id*. at 4.) Thus, Baird concludes, "PL 35-2 remains in effect and procurement officers are mandated to include the requirements set forth in PL 35-2 in their RFHPs." (*Id*.) Citing Federal Rule of Civil Procedure 56(g), Baird seeks the Court's prompt guidance because the Guam Judiciary also recently issued its own RFHP on May 7, 2021. (*Id*.)

The preliminary injunction matter came on for a hearing on May 20, 2021, at which time the Court *sua sponte* granted partial summary judgment in favor of TakeCare pursuant to Federal Rule of Civil Procedure 56(f)(1) for its claim for declaratory judgment, for the same reasons stated in the Court's Decision and Order and expressly adopted herein, after notice to the parties at the hearing and without any objections for any possible further briefing or arguments. In particular, the Court relies on the United States Supreme Court's reasoning in *State of Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116, 118 (1928), to conclude that Public Law 35-2, which requires a bidder to have an in-network service with all public and private hospitals on Guam, is an improper delegation of power by the Guam Legislature that allows a private entity such as Guam Regional Medical City to unilaterally determine what entities may participate in and ultimately win a contract for the health

2

insurance coverage for all government of Guam employees through the Requests for Proposals issued by Defendants Birn for GovGuam and Baird for the Judiciary of Guam.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

(1) Public Law 35-2 ("PL 35-2") codified at 4 G.C.A. § 4302(c)(12) is declared unconstitutional as an improper delegation of legislative authority to a private entity in contravention to the Organic Act's Vesting Clause and the Due Process Clause of the Fourteenth Amendment; and

(2) Defendant Edward Birn, in his official capacity as Director of the Department of Administration, and Defendant Kristina L. Baird, in her official capacity as Administrator of the Courts, as well as their council, agents, employees, representatives, departments, and commissions, are permanently enjoined from enforcing, applying, and/or implementing PL 35-2.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court expressly finds that there is no just reason for delay of the entry of judgment. The Clerk is directed to enter this declaratory judgment in Plaintiff's favor as to the First and Fourth Causes of Action in this matter.[1]

IT IS SO ORDERED this 25th day of May, 2021.

RAMONA V. MANGLONA
Designated Judge

---

[1] The Second (Substantive and Procedural Due Process) and Third (Equal Protection) Causes of Action were previously dismissed for Plaintiff's failure to state a claim upon which relief can be granted. (ECF No. 48.) The Fifth Cause of Action for attorney's fees pursuant to 42 U.S.C. §1988 is the sole remaining claim that remains.

3

Case 1:19-cv-00126   Document 153   Filed 05/25/21   Page 3 of 3