# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TAKECARE INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD BIRN, in his official capacity as the Director of the Department of Administration, and KRISTINA L. BAIRD, in her official capacity as Administrator of the Courts, <br><br> Defendants. | CIVIL CASE NO. 1:19-cv-00126 <br><br> **ORDER DENYING WITHOUT PREJUDICE STIPULATION AND JOINT MOTION FOR DISMISSAL** |

Plaintiff TakeCare Insurance Company, Inc. ("TakeCare") and Defendant Kristina L. Baird, in her official capacity as Administrator of the Courts ("Defendant Baird"), through their counsel, filed their stipulation for TakeCare's dismissal of the entire action against Defendant Baird pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Stipulation, ECF No. 155.) Separately, Plaintiff TakeCare and Defendant Edward Birn, in his official capacity as the Director of the Department of Administration ("Defendant Birn"), through their counsel, jointly moved under Federal Rule of Civil Procedure 41(a)(2) that the above-entitled action be dismissed with prejudice. (Joint Motion, ECF No. 156.) The Court, however, finds that dismissal under Federal Rule of Civil Procedure 41 is inappropriate here, and therefore DENIES without prejudice the Stipulation and Joint Motion for the following reasons.

Rule 41(a)(1) allows for voluntary dismissal of an action by a plaintiff without a court order by filing (i) a notice of dismissal before an answer or motion for summary judgment is

1

filed, or (ii) a stipulation of dismissal signed by all parties.[1] Otherwise, Rule 41(a)(2) provides that a court may dismiss an action at a plaintiff's request on terms it considers proper. "As its title, 'Dismissal of Actions,' suggests, Rule 41, or at least Rule 41(a), governs dismissals of *entire actions*, not of individual claims." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005).

Here, the Court finds dismissal of the entire action against any of the Defendants inappropriate given that two of Plaintiff's claims have already been decided and declaratory judgment has been entered. Specifically, the Court issued an order declaring Guam Public Law 35-2 as an improper and unconstitutional delegation of authority and granting an injunction against its enforcement by either Defendant (ECF No. 153), and upon the Court's finding that there are no just reasons for delay pursuant to Fed. R. Civ. P. 54(b), the Clerk entered an order declaring Public Law 35-2 unconstitutional and enjoining Defendants and their agents and/or representatives from enforcing the law. (ECF No. 154). "[W]hen a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them . . . ." *Nevada v. United States*, 463 U.S. 110, 129-30 (1983).

If the intent of the parties was to have the sole remaining claim—Plaintiff's Fifth Cause of Action for attorney's fees pursuant to 42 U.S.C. §1988—dismissed, a Rule 15 amendment is the appropriate mechanism. *Hells Canyon Pres. Council*, 403 F.3d at 687-88 ("[W]e agree[] with two of our sister circuits Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims." (internal

---

[1] Because Rule 41(a)(1) permits dismissal by stipulation signed by *all* parties, the stipulation between TakeCare and Defendant Baird should have cited to 41(a)(2) given that the stipulation does not include Defendant Birn. (*See* ECF No. 155.)

2

quotations and citations omitted)).

Accordingly, the Court DENIES without prejudice the parties' Stipulation and Joint Motion (ECF Nos. 155 and 156) with leave for Plaintiff to amend its complaint pursuant to Fed. R. Civ. P. 15 to effectuate the dismissal of the remaining claim.

IT IS SO ORDERED this 23rd day of August, 2021.

_____
Hon. Ramona V. Manglona
Designated Judge